a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EUGENE ATKINS (#12102-040), Petitioner | CIVIL ACTION NO. 1:17-CV-992-P |
| VERSUS | JUDGE DEE D. DRELL |
| M. STANCIL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Eugene Atkins ("Atkins") (#12102-040). Atkins is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Atkins challenges the legality of his conviction and sentence imposed in the United States District Court for the Western District of Michigan.

I.   Background

Atkins was convicted of possession of heroin with the intent to distribute; distributing heroin that resulted in "death from the use of the heroin," in violation of 21 U.S.C. § 841(b)(1)(C); conspiracy to distribute heroin involving 100 grams or more; and two counts of distribution of heroin to a person under the age of 21. See United States v. Atkins, 289 F. App'x 872, 873 (6th Cir. 2008). The victim was a 17-year-old drug addict who injected heroin supplied by Atkins and died the following morning. See Atkins, 289 F. App'x at 873. Atkins was sentenced to life imprisonment on the first count (distribution resulting in death) and third count (conspiracy to distribute

heroin) and to 360 months of imprisonment on the other three counts. <u>Atkins</u>, 289 F. App'x at 875. Atkins's conviction and sentence were affirmed on appeal. <u>Id.</u>

Atkins filed a motion to vacate under 28 U.S.C. § 2255, asserting: (1) ineffective assistance of trial and appellate counsel for not challenging supplemental jury instructions; (2) actual innocence because the evidence contradicts the conclusion that Atkins could have been the one who sold the drugs; and (3) actual innocence because the alleged co-conspirator was not convicted. See <u>Atkins v. United States</u>, 2010 WL 4977039 at *1 (W.D. Mich., Dec. 2, 2010). The district court denied Atkins's § 2255 motion, finding that: (1) trial and appellate counsel were not ineffective for not challenging the supplemental jury instructions; (2) evidence from cell phone towers does not actually prove that Atkins was innocent; (3) Atkins is not actually innocent based on the government's failure to charge or convict his alleged co-conspirator; and (4) trial counsel was not ineffective. <u>Id.</u> at *2–9. The court also denied petitioner a certificate of appealability. <u>Id.</u> at *10.

Atkins sought permission to file a second or successive motion to vacate in the Sixth Circuit Court of Appeals, relying on <u>Burrage v. United States</u>, 134 S. Ct. 881, 892 (2014). In denying the motion, the Sixth Circuit found that <u>Burrage</u> was "a case involving statutory interpretation," and "did not establish a new rule of constitutional law that the Supreme Court has made retroactive." (Case No. 14-2038, 6th Cir., Doc. 41).

Atkins filed a § 2241 petition in the Northern District of West Virginia, contending he was actually innocent of the charge of Distribution of Heroin Resulting

2

in Serious Bodily Injury and Death, and of the life sentence penalty enhancement under § 841(b)(1)(C). He also claimed the Burrage decision was applicable to his case. See Atkins v. O'Brien, 148 F. Supp. 3d 547, 550 (N.D. W.Va. 2015), aff'd, 647 F. App'x 254 (4th Cir. 2016). Specifically, Atkins argued that "Burrage renders his conviction ineffective because the heroin that he distributed was not 'an independently sufficient cause of death.'" Id. at 551. Atkins argued that "another addict, who was with the victim during the night that he died, should have more carefully attended to McKinney after he injected heroin supplied by petitioner." Id. Finally, Atkins claimed that if not for the other addict's purported "gross negligence, [the victim] would not have died." Id. The district court found that Atkins's reliance on Burrage was fundamentally misplaced. Id.

Atkins again sought permission to file a second or successive motion to vacate in the Sixth Circuit Court of Appeals, citing Burrage. (Case No. 16-1887, 6th Cir., Doc. 10-2). The appellate court denied the motion because "Burrage, a case involving statutory interpretation, did not establish a new rule of constitutional law and has not been made retroactive by the Supreme Court." (Case No. 16-1887, 6th Cir., Doc. 10-2, p. 2). The court went on to find that "even if Burrage constituted a new rule of constitutional law and was made retroactive by the Supreme Court, it would not affect this case because the victim would not have died without the heroin that Atkins distributed to him. See United State v. Volkman, 797 F.3d 377, 392 (6th Cir. 2015)." (Case No. 16-1887, 6th Cir., Doc. 10-2, p. 2).

3

Atkins then filed a habeas petition in this Court, again seeking to proceed under the savings clause based on Burrage.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

Atkins seeks to proceed with his challenge under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his

4

detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

As he has in prior cases, Atkins claims he is entitled to proceed under the savings clause based on Burrage. Although the Sixth Circuit held that Burrage does not apply retroactively to cases on collateral review, the Fifth Circuit has held that Burrage is a substantive decision narrowing the scope of a federal criminal statute, and does apply retroactively to cases on collateral review. See Santillana v. Upton, 846 F.3d 779, 784 (5th Cir. 2017). Nonetheless, Burrage does not establish that Atkins is actually innocent, as the Burrage case is distinguishable from Atkins's case.

5

After Burrage was tried and convicted of distributing a drug resulting in death or serious bodily injury, pursuant to 21 U.S.C. § 841(b)(1)(C), the Supreme Court interpreted the "death results" enhancement set forth in that statute to determine if it was properly applied in Burrage's case. Id. at 885. The Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Id. at 891. The Court also ruled that "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." Burrage, 134 S.Ct. at 887. The court's conclusion followed the line of cases such as Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013), which hold that facts producing enhancements to minimum and maximum sentences must be submitted to a jury and found beyond a reasonable doubt.

As the district court in the Northern District of West Virginia concluded in Atkins's case, "the Burrage Court contemplated an entirely different factual and causal scenario than the one present in petitioner's case." Atkins, 148 F. Supp. at 552. Burrage sold heroin to a long-time drug user, who subsequently injected that heroin in the midst of an extended drug binge. See Burrage, 134 S.Ct. at 887. Importantly, the victim in that case smoked marijuana, injected cooked oxycodone and heroin, and also had more heroin and oxycodone, alprazolam, clonazepam, and

other drugs in his possession. Id. at 885. At trial, the defendant's expert witness testified that he could not determine whether the addict would have lived had he not taken the heroin supplied by Burrage. Id. at 885–886.

Similarly, in Santillana, the victim's urine screen revealed at least four different drugs: cocaine, amphetamine, benzodiazepines, and methadone. See Santillana, 604 F.3d 192, 193 (5th Cir. 2010).

In Atkins's case, the evidence presented shows that the victim only injected the heroin supplied by Atkins. See Atkins, 289 Fed. App'x at 873–874. Such a factual scenario is distinguishable from those in Burrage and Santillana, and clearly meets the "but for" causation test, as the victim would not have died but for heroin supplied by Atkins. See Atkins, 148 F. Supp. at 552.

In fact, Atkins and the United States stipulated prior to trial that Medical Examiner Dr. David Start, M.D., performed an autopsy on the victim and determined that the victim died "from acute heroin toxicity otherwise known as heroin overdose." (Case No. 1:04-cr-0299, W.D. Mich., Doc. 92). Atkins's claim that the victim died from any other drug or drug combination is belied by the stipulation and autopsy results. Likewise, Atkins's allegation that the autopsy report is "new evidence" fails, as the report was part of the stipulation. (Doc. 14).

Because Burrage does not establish that Atkins is actually innocent of the charges against him, Atkins cannot meet the requirements of the savings clause.

7

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Atkins's petition be DENIED and DISMISSED with prejudice to the jurisdictional issue, and without prejudice as to the merits of Atkins's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __20th__ day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

8